UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ASHLEY HARRISON and | ) | |
| LACEY HARRISON | ) | |
| | ) | CASE NO. 07-10737 |
| Debtor(s) | ) | |
| | ) | |
| ASHLEY HARRISON and | ) | |
| LACEY HARRISON | ) | |
| | ) | AP NO. 07-1030 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE RURAL | ) | |
| DEVELOPMENT | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Summary Judgment of Defendant United States Department of Agriculture, Rural Development ("RD") and the Cross-Motion for Summary Judgment of Plaintiffs/Debtors Ashley and Lacey Harrison ("Debtors"). The Court reviewed the written submissions of the parties in support and in opposition to each Motion for Summary Judgment, the arguments of counsel, and its own research. For the following reasons, the Court will **GRANT** the RD's Motion for Summary Judgment and **DENY** the Debtors' Motion for Summary Judgment.

**UNDISPUTED FACTS**

The parties stipulated to the following facts:

1. Ashley and Lacey Harrison are calendar year taxpayers. Their tax year ends on December 31.

2. On May 26, 2004, Debtors executed a Note to RD in the face amount of $107,929.00, with interest at 5.875% per annum. See, Docket No. 1, Exhibit A, United States v. Harrison, Federal District Court, Western District of Kentucky, 1:06-CV-163-R.

3. A Mortgage was executed by Debtors to RD which was recorded on May 28, 2004, Barren County, Kentucky, Mortgage Book 292, Page 573. See, Exhibit B, Id.

4. A Subsidy Repayment Agreement was executed by both Debtors on May 26, 2004. See, Exhibit C, Id.

5. Under 31 U.S.C. §3720A, the United States Department of Agriculture Rural Housing Service ("USDA RHS") sent a notice to the Debtors on May 13, 2006, informing the Debtors of its intent to notify the Secretary of Treasury of the past due status of the debt and giving the Debtors 60 days to present evidence that such debt was not past due or not legally enforceable. The Debtors have not presented any evidence that the debt was not past due or not legally enforceable. See, Elkin Affidavit, ¶5.

6. On May 25, 2006, a Notice of Acceleration was mailed to each of the Debtors at 205 Mossway Drive, Glasgow, Kentucky, by RD..

7. On August 12, 2006, USDA RHS, for the purpose of setoff against the Debtors of any federal payments due the Debtors, certified to the Secretary of the Treasury that the debt was past

due in the amount of $5,476.16. From time to time, USDA RHS has re-certified to the Secretary of the Treasury that this debt was past due for various amounts.

8. The claim was referred by RD to the United States Department of Justice. The United States Attorney's Office filed the foreclosure action in Federal District Court, Western District of Kentucky, Action No. 1:06 CV-163-R on October 18, 2006.

9. On March 31, 2007, RD certified to the Secretary of the Treasury that the past due payments on the Mortgage loan were $12,568.63. See, Elkin Affidavit, ¶7.

10. On April 5, 2007, $3,454.00 was credited to the Debtors' account based on an offset from the Treasury. The amount of the offset was $3,454.00. The Treasury withheld a $17.00 fee and forwarded to RD $3,454.00. This offset was from the tax refund of Ashley Harrison; Lacey Harrison had no refund due. See, Elkin Affidavit, ¶8.

11. On June 28, 2007, Debtors filed their Chapter 7 Bankruptcy Petition in the Western District of Kentucky, Case No. 07-10737.

12. On June 28, 2007, Judgment and Order of Sale was entered, against the Debtors in the Federal District Court action. This was later set aside.

13. On July 25, 2007, RD withdrew the request for offset due to Debtors' bankruptcy filing.

14. On July 25, 2007, the Judgment of June 28, 2007 was set aside by the Federal District Court due to the Chapter 7 Bankruptcy of the Debtors.

15. Discharge in the Debtors' Chapter 7 Bankruptcy was entered October 3, 2007.

16. On October 12, 2007, Notice of Discharge in the Chapter 7 Bankruptcy was filed with the Federal District Court and notice was given that the federal foreclosure action would be

restarted.    17.  A new Judgment and Order of Sale was filed October 25, 2007, and entered October 26, 2007.  No sale date has been set.

## LEGAL ANALYSIS

Summary judgment is appropriate under Rule 7056 of the Federal Rules of Bankruptcy Procedure when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Bankr. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  There are no disputed facts in this case and under the applicable law, RD is entitled to judgment in its favor as a matter of law.

Approximately two months before Debtors filed their Chapter 7 Petition, the United States Treasury pursuant to 31 U.S.C. §3720A, setoff the amount of $3,471.00 from the total debt owed by Debtors on a defaulted Mortgage that Debtors had with RD.  The $3,471.00 represented one of the Debtor's federal income tax refund less $17.00 kept by the Department of the Treasury as a fee.  When Debtors filed their Petition, they claimed an exemption in the tax refund that had previously been offset by the RD.  Debtors then instituted this adversary proceeding contending the setoff was a preference and that they were entitled to turnover under 11 U.S.C. §522 and §547.

The Bankruptcy Code under 11 U.S.C. §553 allows and sanctions the use of setoff where three conditions exist: (1) the creditor holds a claim against the debtor that arose before the commencement of the case; (2) the creditor owes a debt to the debtor that also arose before the commencement of the case; and (3) the claim and debt are mutual.  11 U.S.C. §553(a); In re Morristown Lincoln-Mercury, Inc., 42 B.R. 413, 415 (Bankr. E.D. Tenn. 1984).  All of the necessary elements are met in this case, facts that Debtors do not challenge.

It is also clear that RD had a legal right to apply the setoff pursuant to 31 U. S. C. §3720A and 26 U.S.C. §6402(d). These statutes authorize setoff of a tax refund by the Treasury against the taxpayer's debt owed to a Federal agency. There is no dispute that the debt was owed and that proper procedures were followed by RD to effect the setoff.

While Debtors assert that the setoff may be avoided under 11 U.S.C. §547(b) in their Complaint, this is not the basis of the Debtors' Motion for Summary Judgment or their opposition to the RD's Motion for Summary Judgment. Instead, Debtors argue only that the tax refund was claimed as exempt property on Schedule C to the Petition and this exemption was not objected to by any party. Debtors contend that exempt property is not subject to setoff.

Before the Court analyzes the merits of Debtors' exemption argument, the Court must address why the setoff, under the facts of this case, does not constitute a preference under 11 U.S.C. §547. Under 11 U.S.C. §553(b), a Trustee may recover the amount of a pre-petition setoff to the extent that the setoff permitted the creditor to recover more than the creditor would have recovered if setoff had occurred at certain benchmark times. The purpose of this section of the statute is to "discourage creditors from taking setoffs against debts owed to insolvent debtors under circumstances where a creditor might be sorely tempted to take a setoff because of an improved setoff opportunity." 5 Lawrence P. King et al., <u>Collier on Bankruptcy</u>, ¶553.09[2] (15th ed. rev. 2007). Collier's sets forth an explanation of the calculation required by Section 553(b) to determine whether there has been any improvement in the creditor's position. The amount by which the creditor's claim exceeds the amount of the debt is known as the "insufficiency".   <u>Id</u>. at ¶553.09[2][a]. As the RD demonstrated in its Amended Reply Brief, the "insufficiency" on the date of the setoff, April 5, 2007, was equal to the "insufficiency" on March 28, 2007, the 90th day before

the Petition was filed.[1]  Thus, there is no claim to recover any of the funds setoff as the "insufficiency" on the date of the setoff was equal to the "insufficiency" on the 90th day before the Petition was filed.  In other words, there was no improvement in the creditor's position under §553(b) as a result of the setoff.

Debtors base their entitlement to summary judgment on their claim that the money offset was exempt property under 11 U.S.C. §522 and not subject to setoff, citing In re Alexander, 225 B.R. 145 (Bankr. W.D. Ky. 1998), aff'd., 245 B.R. 280 (W.D. Ky. 1999).  Debtors are correct that 11 U.S.C. §522(c), provides that exempt property is not liable for any debt of the debtor that arose before the commencement of the case, except in certain circumstances not present here.  Some Courts have held that a creditor's right to setoff under §553 must yield to a debtor's right to exempt assets under §522.  In re Monteith, 23 B.R. 601, 603-4 (Bankr. N.D. Ohio 1982).  This was the majority view that Judge Roberts followed in the Alexander case.  The Court notes, however, that more recent opinions reject this position.  See e.g., In re Bourne, 262 B.R. 745  (Bankr. E.D. Tenn. 2001), cases cited therein and In re Baucom, 339 B.R. 504, 507 (Bankr. W.D. Mo. 2006).

In any event, the case at bar is distinguishable from Alexander in very important aspects which make Alexander inapplicable here.  In Alexander, the debtor had commenced his Chapter 7 case and properly claimed an exemption in his anticipated federal income tax refund.  Sometime after the Petition was filed, the debtor received notice from the Internal Revenue Service that it setoff the anticipated refund against a dischargeable tax debt owed from a previous tax year.

---

[1] On April 5, 2007, the insufficiency was $9,114.64 [$12,568.64 (the debt owed by Debtors) minus $3,454.00 (amount of setoff) equals $9,114.64].  On March 28, 2007, the insufficiency was $9,114.64 [$12,568.64 (the debt) minus $3,454.00 (amount of setoff) equals $9,114.64].  The insufficiency is the same because no payment on the mortgage became due between March 28, 2007 and April 5, 2007.

In this case, the notice of the default was certified to the Department of the Treasury and the setoff was accomplished prior to the date that Debtors' Petition was filed. RD had a valid right to setoff pursuant to 31 U.S.C. §3720A and 26 U.S.C. §6402(d). Since the debt exceeded the tax refund, the Debtors were not entitled to a refund and the refund never became property of the estate. Therefore, it could not be classified as exempt property under 11 U.S.C. §522 and Debtors' claimed exemption on their Petition was of no legal consequence. See, In re Shortt, 277 B.R. 683, 692 (Bankr. N.D. Texas 2002).

The RD was authorized to setoff Ashley Harrison's 2006 federal income tax refund pursuant to 11 U.S.C. §553. The setoff did not constitute a preference, nor were the funds exempt. Accordingly, the RD is entitled to judgment as a matter of law based upon the undisputed stipulated facts. Conversely, Debtors are not entitled to summary judgment as a matter of law and their Motion for Summary Judgment must be denied.

## CONCLUSION

For all of the above reasons, the Motion for Summary Judgment of Defendant United States Department of Agriculture Rural Development, be and hereby is, **GRANTED** and the Motion for Summary Judgment of Plaintiffs/Debtors Ashley and Lacey Harrison, be and hereby is, **DENIED**.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ASHLEY HARRISON and | ) | |
| LACEY HARRISON | ) | |
| | ) | CASE NO. 07-10737 |
| Debtor(s) | ) | |
| | ) | |
| ASHLEY HARRISON and | ) | |
| LACEY HARRISON | ) | |
| | ) | AP NO. 07-1030 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE RURAL | ) | |
| DEVELOPMENT | ) | |
| | ) | |
| Defendant(s) | ) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of Defendant United States Department of Agriculture, Rural Development, be and hereby is, **GRANTED** and the Cross-Motion for Summary Judgment of Plaintiffs/Debtors Ashley and Lacey Harrison, be and hereby is, **DENIED.**

This is a final and appealable Order and there is no just reason for delay.